UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY RAY HAWES,

Plaintiff,

v.

JERRY BROWN, et al.,

Defendants.

Case No. 17-cv-02400-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Terry R. Hawes alleges in this federal civil rights action that his state conviction is invalid and that in consequence he is owed money damages by the Governor of the State of California and the state superior court judge who presided over his criminal trial. The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) barred claims brought under 42 U.S.C. § 1983 that, if successful, would appear to invalidate a conviction or sentence that has not already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Hawes remains incarcerated and his complaint does not indicate that his conviction or sentence has been invalidated or reversed, *Heck* appears to preclude his claim. Accordingly, this suit is DISMISSED.

## BACKGROUND

In 2009, after two trials in the Marin County Superior Court, Hawes was found guilty of rape by a foreign object, attempted forcible rape, making criminal threats, and assault with the intent to commit rape. *People v. Hawes*, No. A127151, 2011 WL 4527800 at *1 (Cal. Ct. App. Sept. 29, 2011). He was sentenced to 33 years and eight months to life in state prison. *Id.* Hawes appealed the judgment. *Id.*

In 2011, the state appellate court affirmed the convictions, but remanded for resentencing. *Id.* at *25. On remand, Hawes was sentenced to 27 years and eight months to life in state prison. *People v. Hawes*, No. A134359, 2012 WL 4558924 (Cal. Ct. App. Sept. 27, 2012). Hawes appealed again. *Id.* In 2013, the state appellate court remanded the case so that the sentencing court could give Hawes credit for the time he had served between his original sentencing date and his resentencing date. *Id.*

It is these convictions and sentence that Hawes contends are invalid.

## DISCUSSION

### A. Standard of Review

In its initial review of this pro se complaint, the court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

(9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. A claim for damages based on a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487. Where a state prisoner seeks damages in a section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been invalidated. *Id.* at 487.

Hawes's convictions were affirmed on appeal. While there appear to have been some appellate issues concerning his sentence, those issues concern the sentence's length, not its constitutional validity. A judgment in this case that defendants violated Hawes's constitutional rights in connection with his trial and sentence would therefore necessarily imply the invalidity of his conviction or sentence. Accordingly, Hawes's section 1983 suit is barred by *Heck* and must be dismissed.

This dismissal is without prejudice. Hawes may refile his suit if he can show that his conviction has been invalidated in one of the ways specified in *Heck,* which as I indicated does not appear from the record to be the case. If Hawes refiles, he should be aware that his claims for damages against the trial court judge will never be sustainable. A

3

state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Presiding over Hawes's trial and imposing sentence are without doubt acts performed in the judge's judicial capacity. Further, if Hawes can overcome the *Heck* bar, he must allege with specificity how the Governor of California is liable for damages. Here, Hawes lists him as a defendant, but has not alleged any facts showing legal liability.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 9, 2017

WILLIAM H. ORRICK
United States District Judge